## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **The Bank of New York Mellon, f/k/a The Bank of New York, as trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-17**<br><br>**Plaintiff**<br><br>vs.<br><br>**Karen Yardley**<br><br>**Defendant** | Case No. 1:23-cv-00245-LEW |

## JUDGMENT OF FORECLOSURE AND SALE

55 Cottage Street, Bangor, ME
Book: 10404, Page 179

This matter came before the Court for a testimonial hearing on Plaintiff's Motion for Default Judgment on February 27, 2024. Plaintiff, The Bank of New York Mellon, f/k/a The Bank of New York, as trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-17, was present and represented by Reneau J. Longoria, Esq. Defendant, Karen Yardley, did not appear.

All persons interested having been duly notified in accordance with the law, and after hearing, the Plaintiff's Motion for Default Judgment is GRANTED. Count II - Breach of Note, Count III - Breach of Contract, Money Had and Received, and Count IV

– Unjust Enrichment are hereby **DISMISSED** without prejudice at the request of the Plaintiff. **JUDGMENT** on Count I - Foreclosure and Sale is hereby **ENTERED** as follows:

1. If the Defendant or her heirs or assigns pay The Bank of New York Mellon, f/k/a The Bank of New York, as trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-17 ("Bank of New York") the amount adjudged due and owing ($198,895.22) within 90 days of the date of the Judgment, as that time period is calculated in accordance with 14 M.R.S. § 6322, Bank of New York shall forthwith discharge the Mortgage and file a dismissal of this action on the ECF Docket. The following is a breakdown of the amount due and owing:

| Description | Amount |
|---|---|
| Principal Balance | $75,110.29 |
| Interest | $71,357.61 |
| Escrow/Impound Required | $39,606.93 |
| Late Fees | $676.58 |
| Total Advances | $12,143.81 |
| **Grand Total** | **$198,895.22** |

2. If the Defendant or her heirs or assigns do not pay Bank of New York the amount adjudged due and owing ($198,895.22) within 90 days of the judgment, as that time period is calculated in accordance with 14 M.R.S. § 6322, her remaining rights to possession of the Bangor Property shall terminate, and Bank of New York shall conduct a public sale of the Bangor Property in accordance with 14 M.R.S. § 6323, disbursing the proceeds first to itself in the amount of $198,895.22 after deducting the expenses of the sale,

with any surplus to the Defendant or the heirs or assigns, in accordance with 14 M.R.S. § 6324.  Bank of New York <u>may not</u> seek a deficiency judgment against the Defendant pursuant to the Plaintiff's waiver of deficiency at trial.

3. In the event that the Defendant, and anyone occupying the premises, do not vacate the property upon termination of her right to possession, Bank of New York may reopen this matter to seek a Writ of Assistance and/or Writ of Possession to be served by the U.S. Marshals Service pursuant to Federal Rule of Civil Procedure 4.1(a) consistent with this Judgment.

4. Pursuant to 14 M.R.S. § 2401(3)(F), the Clerk, if requested, shall sign a certification after the appeal period has expired, certifying that the applicable period has expired without action or that the final judgment has been entered following appeal.

5. The Defendant remains in default on the Mortgage Loan and the amount due and owing is $198,895.22.

6. The Bank of New York Mellon, f/k/a The Bank of New York, as trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-17 has first priority, in the amount of $198,895.22, pursuant to the subject Note and Mortgage and there are no parties in interest other than the Defendant who has second priority.

7. The prejudgment interest rate is 9.50000%, *see* 14 M.R.S. § 1602-B, and the post-judgment interest rate is 10.55%, pursuant to 14 M.R.S. § 1602-C (West 2022) (The one year United States Treasury bill rate is the weekly average one-

year maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the last full week of the calendar year immediately prior to the year in which post-judgment interest begins to accrue December, 2023, 4.55% plus 6% for a total post-judgment interest rate of 10.55%).

8. The following information is included in this Judgment pursuant to 14 M.R.S. § 2401(3):

|  | PARTIES | COUNSEL |
|---|---|---|
| PLAINTIFF | The Bank of New York Mellon, f/k/a The Bank of New York, as trustee for the certificateholders of the CWABS, Inc., Asset-Backed Certificates, Series 2005-17<br>3217 S. Decker Lake Drive<br>Salt Lake City, UT 84119 | Reneau J. Longoria, Esq.<br>Doonan, Graves & Longoria, LLC<br>100 Cummings Center<br>Suite 303C<br>Beverly, MA 01915 |
| DEFENDANT | Karen Yardley<br>55 Cottage Street<br>Bangor, ME 04401 | Pro Se |

a) The docket number of this case is No. 1:23-cv-00245-LEW.

b) The Defendant, the only parties to these proceedings besides Bank of New York, received notice of the proceedings in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

c) A description of the real estate involved, 55 Cottage Street, Bangor, ME 04401, is set forth in Exhibit A to the Judgment herein.

d) The street address of the real estate involved is 55 Cottage Street, Bangor, ME 04401.  The Mortgage was executed by the Defendants, Karen Yardley and Shannon Steadman on October 21, 2005.  The book and page number of the Mortgage in the Penobscot County Registry of Deeds is Book 10404, Page 179.

e) This judgment shall not create any personal liability on the part of the Defendant but shall act solely as an *in rem* judgment against the property, 55 Cottage Street, Bangor, ME 04401.

**SO ORDERED**.

Dated this 5th day of March, 2024.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE